# EXHIBIT F

**TeamHealth discovery letter
from Gary Shockley to Charlie C. Gokey
July 27, 2022**



## BAKER DONELSON
### BEARMAN, CALDWELL & BERKOWITZ, PC

1600 WEST END AVENUE
SUITE 2000
NASHVILLE, TENNESSEE 37203

MAILING ADDRESS:
P.O. BOX 331884
NASHVILLE, TENNESSEE 37203

PHONE:   615.726.5600

www.bakerdonelson.com

GARY C. SHOCKLEY, SHAREHOLDER
**Direct Dial**: 615.726.5704
**Direct Fax**: 615.744.5704
**E-Mail Address**: gshockley@bakerdonelson.com

July 27, 2022

Charlie C. Gokey, Esq.
Robins Kaplan LLP
800 LaSalle Avenue
Suite 2800
Minneapolis, MN 55402

**Via USPS and Email**
cgokey@robinskaplan.com

      Re:    *United HealthCare Services, Inc., et al. v. Team Health Holdings, Inc., et al.*
            (E.D. Tenn. No. 3:21-cv-00364)

Dear Counsel:

      I write with respect to Plaintiffs' Responses and Objections to Defendants' First Requests for Production of Documents (served 6/27/22). These deficiencies are in addition to those outlined in my correspondence of July 18, 2022. We will address additional deficiencies in United's Interrogatory responses under separate cover. For ease of reference, I have set out each request and addressed specific deficiencies in the order served.

## REQUESTS FOR PRODUCTION

      **1. Produce all documents and communications identified in Paragraph ii, Page 4 of Plaintiffs' Initial Disclosures dated February 15, 2022**. United objects to the production of documents it has identified as among those it may use to support its claims under Rule 26(a)(1)(A)(ii) on the grounds of privilege and that such documents are in the possession of Defendants. By definition, the documents United has identified under Rule 26(a)(1)(A)(ii) as relevant to its claims are not privileged and are in *United's* possession, not Defendants'. In fact, Rule 26(a)(1)(A) (ii) applies expressly to "documents . . . that the disclosing party has in its possession, custody, or control." Fed. R. Civ. P. 26(a)(1)(A)(ii). Please produce all documents identified by United in item (ii) of its Initial Disclosures of 2/15/22 without further delay.

4863-9009-4891v1
2943270-000037 07/27/2022

ALABAMA • FLORIDA • GEORGIA • LOUISIANA • MARYLAND • MISSISSIPPI • NORTH CAROLINA •
SOUTH CAROLINA • TENNESSEE • TEXAS • VIRGINIA • WASHINGTON, D.C.

**F.001**

Charlie Gokey, Esq.
July 27, 2022
Page 2

**2. Produce all policies, procedures, guidance, criteria, documents, materials, training materials, or other authorities, whether internal or external, used, reviewed, or relied upon by Plaintiffs in adjudicating Claims.** United objects to this request as overly broad based on the use of "all" documents. As you know, United used identical language in most of its 44 requests for production of documents. If United contends that some subset of its policies for adjudicating claims is controlling, please produce that subset without further delay. United also asserts a boilerplate privilege objection, which is unsupported and apparently baseless.

**3. Produce all policies, procedures, guidance, criteria, documents, materials, training materials, or other authorities, whether internal or external, used, reviewed, or relied upon by Plaintiffs when coding or billing Claims.** United objects to this request as overly broad based on the use of "all" documents. As you know, United used identical language in each of its 44 requests for production of documents. If United contends that some subset of its policies for coding claims is controlling, please produce that subset without further delay. United also asserts a boilerplate privilege objection, which is unsupported and apparently baseless. Finally, United contends that it does not "code" claims. Of course, United's complaint and initial disclosures describe an alleged review of over 47,000 claims and United's purported determination that those claims were "upcoded." Assuming that United did, as alleged, review and recode 47,000 claims, please produce the responsive documents used in that process without further delay or obfuscation.

**4. Produce all policies, procedures, guidance, criteria, documents, materials, training materials, or other authorities, whether internal or external, used, reviewed, or relied upon by Plaintiffs when auditing or otherwise investigating Claims.** After asserting additional boilerplate objections as to burden and privilege, United indicated that it "will produce non-privileged policy documents, training materials and authorities considered in auditing or investigating Claims generally." Please do so without further delay and include all responsive documents, not merely those deemed "generally" applicable but also any used specifically with respect to the claims at issue in this case.

**5. Produce all policies, procedures, guidance, criteria, documents, materials, training materials, or other authorities, whether internal or external, used, reviewed, or relied upon by Plaintiffs during the pre-payment review process.** After asserting additional boilerplate objections as to burden and privilege, United indicated that it "will produce non-privileged policy documents, training materials and authorities considered in the prepayment review of Claims generally." Please do so without further delay and include all responsive documents, not merely those deemed "generally" applicable but also any used specifically with respect to prepayment review of the claims at issue in this case.

**6. Produce all policies, procedures, guidance, criteria, documents, materials, training materials, or other authorities, whether internal or external, used, reviewed, or relied upon by Plaintiffs during the post-claim adjudication process (if United denied the claim) and/or the postpayment review process (if United paid the claim in part).** After asserting additional boilerplate objections as to burden and privilege, United indicated that it "will produce non-privileged policy documents, training materials and authorities considered in the adjudication or post-payment review of Claims generally." Please do so without further delay and include all

Charlie Gokey, Esq.
July 27, 2022
Page 3

responsive documents, not merely those deemed "generally" applicable but also any used specifically with respect to prepayment review of the claims at issue in this case.

**7. Produce all policies, procedures, guidance, criteria, documents, materials, training materials, or other authorities, whether internal or external, which detail whether and to what extent United's review of the Claims is automated, manual or some combination of these or other means.** After asserting additional boilerplate objections as to burden and privilege, United asserts a relevance objection. United has put its review at issue in this case with the allegations of its Complaint, which allege a review of over 47,000 claims and a determination that many 99285 claims were improperly upcoded. Complaint ¶ 72 (Doc. 1). The means, manner, and method of review is plainly relevant to the claims of United and defenses of the Defendants. United's discovery requests to Defendants cover hardware and software used for any coding, as well as applicable policies, training, reviews, and the like. United's own allegations and discovery establish the relevance of this information under Rule 26(b)(1). Please produce the requested information without further delay.

**8. Produce all policies, procedures, guidance, criteria, documents, materials, training materials, or other authorities, whether internal or external, used, reviewed, or relied upon by Plaintiffs when investigating Claims, including but not limited to investigations by the Special Investigations Unit.** After asserting additional boilerplate objections as to burden and privilege, United indicated that it "will produce non-privileged policy documents, training materials and authorities considered in investigating Claims generally." Please do so without further delay and include all responsive documents, not merely those deemed "generally" applicable but also any used specifically with respect to the claims at issue in this case.

**9. Produce all agreements between You and Optum for use of any of Optum's software and/or services regarding professional emergency department claims, including, without limitation, Optum's Emergency Department Claims (EDC) Analyzer and/or Optum's Evaluation and Management Professional (E/M Pro) Tool, and services related thereto, as identified in response to Interrogatory No. 4, above.** After asserting additional boilerplate objections as to burden and privilege, United asserts a relevance objection. United has put its review at issue in this case with the allegations of its Complaint, which allege a review of over 47,000 claims and a determination that many 99285 claims were improperly upcoded. Complaint ¶ 72 (Doc. 1). The means, manner, and method of review is plainly relevant to the claims of United and defenses of the Defendants, including the use of any software or other tools obtained from United's sister company Optum. As noted, United's own discovery requests cover hardware and software used by Defendants for any coding, as well as applicable policies, training, reviews, and the like. United's own allegations and discovery establish the relevance of the information sought in RFP 9. Please produce the requested information without further delay.

**10. Produce all documents demonstrating or evidencing the amounts paid by You to Optum for use of any of Optum's software and/or services regarding professional emergency department claims, including, without limitation, Optum's Emergency Department Claims (EDC) Analyzer and/or Optum's Evaluation and Management Professional (E/M Pro) Tool, and services related thereto, as identified in response to Interrogatory No. 4, above.** After

Charlie Gokey, Esq.
July 27, 2022
Page 4

asserting additional boilerplate objections as to burden and privilege, United asserts a relevance objection. United has put its own coding review at issue in this case with the allegations of its Complaint, which allege a review of over 47,000 claims and a determination that many 99285 claims were improperly upcoded. Complaint ¶ 72 (Doc. 1). The means, manner, and method of that coding review is plainly relevant to the claims of United and defenses of the Defendants, including the use of any software, hardware, personnel, or other resources obtained from United's sister company Optum. As noted, United's discovery requests to Defendants cover hardware and software used by Defendants for any coding, as well as applicable policies, training, reviews, and the like. United's own allegations and discovery establish the relevance of the information sought in RFP 10. Please produce the requested information without further delay.

**11. Produce all policies, procedures, guidance, criteria, manuals, materials, training materials, or other documents reflecting or describing the systems identified in response Interrogatory No. 5, above**. United's response simply incorporates its boilerplate objections and responses to RFP 1-7. As noted above, the information sought is directly related to the allegations of United's complaint, fall squarely within the scope of Rule 26(b)(1), and has neither been shown to be disproportionate nor privileged. Please produce responsive documents and information without further delay.

**12. Produce all fee schedules or other data, policies, guidance, guidelines, criteria, or sources relied upon in determining rates paid to Defendants for out-of-network emergency medical services**. United again relies on its boilerplate general objections and an unsubstantiated claim of privilege. In addition, United objects to the relevance of this information. As you know, United alleges that it overpaid by an estimated $100 million in its Complaint. Complaint ¶ 110 (Doc. 1). United's alleged damages will be determined by the difference between the amount United paid (*e.g.*, 99285) versus the amount it contends it should have paid. Since United admits in its footnote one that only out-of-network claims are at issue in this case, the method and amount of out-of-network fees is directly relevant to United's alleged damages. To date, United has provided a one-sentence estimate and the names of two United employees allegedly knowledgeable about those damages. Please produce the requested information without further delay or obfuscation.

**13. Produce all documents and communications regarding or reflecting the organization and chain of command in the Special Investigations Unit**. In addition to boilerplate general and unsupported privilege objections, United asserts a relevance objection. United's Complaint identifies "specialists" as one component investigating the allegedly upcoded claims. The organization and management of the Special Investigations Unit is directly relevant to its role and qualifications to draw those conclusions, as well to the identity of potential witnesses. *See Gluc v. Prudential Life Ins. Co. of America*, 309 F.R.D. 406, 415 (W.D. Ky. 2016); *Stambler v. Amazon.com, Inc.,* Civ. A. No. 2:09–CV–310 (DF), 2011 WL 10538668, at *8 (E.D. Tex. May 23, 2011); *Cunningham v. Standard Fire Ins. Co.* ., Civ. A. No. 07–cv–02538–REB–KLM, 2008 WL 2902621, at *2 (D. Col. July 24, 2008); *Clearone Communications, Inc. v. Chiang*, Civ. A. No. 2:0700037TC, 2007 WL 4166137, at *4 (D. Utah Nov. 20, 2007).

Charlie Gokey, Esq.
July 27, 2022
Page 5

**14. Produce all job descriptions for any individual in the Special Investigations Unit.** Likewise, United's relevance objection to job descriptions for its SIU are unavailing, as such documents are generally held to be within the scope of discovery under Rule 26(b)(1). *See, e.g., Myers v. Anthem Life Ins. Co.*, 316 F.R.D. 186, 198-200 (W.D. Ky. 2016).

**15. Produce the job description for Jackie Miller.** United also objects to production of the job description for Jackie Miller on relevance grounds. According to United, Ms. Miller "has knowledge regarding United's review of claims for reimbursement submitted by TeamHealth to United, along with the medical records submitted in support of those claims." She is one of two United employees identified with any knowledge of United's alleged $100 million claim. As such, her responsibilities are relevant to the claims, defenses, and damages in this case. In addition to supplementing United's initial disclosures as required by Rule 26 and requested in my letter of July 18, 2022, please produce the requested documents without further delay.

**16. Produce the job description for Jennifer Shreiner.** United also asserts a boilerplate and baseless objection to production of the job description for Ms. Shreiner. According to United, "Ms. Shreiner is a Regulatory Adherence Consultant, E&I Ops- Claim Operations at United Healthcare. She has knowledge regarding United's processing of claims submitted for reimbursement." While plainly inadequate under Rule 26(a)(1)(A), this cryptic description is sufficient to put her job duties and the bases for her alleged knowledge at issue in the case and thus within the scope of discovery. In addition to supplementing United's initial disclosures as required by Rule 26 and outlined in my letter of July 18, 2022, please produce the documents requested in RFP 16 without further delay.

**17. Produce all documents and communications reflecting or regarding the decision to initiate the pre-payment review referenced in Paragraph 67 of the Complaint.** After asserting boilerplate objections on unspecified privilege grounds, United indicates that it will produce the requested documents. Please do so without further delay.

**18. Produce all documents and communications reflecting or regarding the decision to expand the pre-payment review referenced in Paragraph 71 of the Complaint.** After asserting boilerplate objections on unspecified privilege grounds, United indicates that it will produce the requested documents. Please do so without further delay.

**19. Produce all documents and communications reflecting or regarding the decision to initiate the post-payment review referenced in Paragraph 71 of the Complaint.** After asserting boilerplate objections on unspecified privilege grounds, United indicates that it will produce the requested documents "utilizing agreed upon custodians and search terms." Please advise as to your proposed custodians and terms.

**20. Produce all documents and communications considered, reviewed, or otherwise used during any adjudication, coding, audit, review, or investigation of the Claims, including but not limited to any medical records, claim forms, patient information, audit sheets, audit worksheets, audit review tools, audit work papers, auditor notes, or other investigative tools or reports.** In addition to boilerplate burden and unspecified privilege objections, United objects

Charlie Gokey, Esq.
July 27, 2022
Page 6

that the information sought in RFP 20 is not relevant, at least with respect to claims that were not paid. Of course, any inconsistency by United in its review and treatment of claims is directly relevant. Improperly rejected claims are relevant to United's claim for damages, as well as to potential unclean hands or other defenses to equitable relief. Please produce the requested information without further delay.

**21. Produce all documents and communications reflecting any adjudication, coding audit, review, or investigation of the Claims, including but not limited to:**

**a. All documents used or generated by the Special Investigations Unit or auditors;**

**b. All documents regarding the "tens of thousands of claims submitted by TeamHealth" for which you have allegedly "determined that well over half of the claims TeamHealth submitted to United using the two highest level CPT codes for ER visits—roughly 60%—should have utilized lower-level CPT codes, (Complaint ¶ 8);**

**c. All documents regarding the "26,000 claims" for which you have allegedly determined that "well over half of all claims TeamHealth submitted utilized CPT Codes 99285 and 99284—62%--were not supported by medical records," (Complaint ¶¶ 69, 70);**

**d. All documents regarding the "over 47,000 claims" for which you have allegedly determined that "nearly 75% of the claims reviewed that were billed using the 99285 CPT Code were not supported by medical records and were improperly upcoded," (Complaint ¶ 72); and**

**e. All documents regarding the claims identified in Exhibit A to the Complaint.**

United reiterates its boilerplate general objections, as well as a relevance objection as to "claims that were not paid" and an assertion that the information is "equally in TeamHealth's possession, custody or control." As note regarding RFP 20 above, inconsistencies in United's review, improper denials, and evidence of fraud and oppression in claims denials, as recently found by a Nevada jury, all bring this information within the scope of Rule 26(b)(1). In addition, the objection that this information is in TeamHealth's possession is frivolous. Please produce the requested information without further delay.

**22. To the extent not produced in response to Request No. 18, for every other Claim which You contend was improperly coded or billed for any reason (including all claims identified in response to Interrogatory No. 1 above), produce all documents and communications reflecting any adjudication, coding, audit, review, or investigation of those Claims.** United reiterates its boilerplate burden and unspecified privilege objections, as well as a relevance objection with respect to "claims that were not paid and thus are not the subject of this case." As explained in connection with RFP 20 and 21, above, all claims rejected by United are relevant to the claims and defenses in the case and within Rule 26(b)(1). United's additional objection that this information is in the possession of TeamHealth is demonstrably untrue, as

Charlie Gokey, Esq.
July 27, 2022
Page 7

Defendants have no access to United's internal documents, coding, or communications regarding these denied claims. Please produce the requested information without further delay.

**23. Produce job descriptions for each and every person who was involved in review in the Claims.** The relevance and discoverability of such job descriptions are addressed in RFPs 14-16, above. *See Gluc v. Prudential Life Ins. Co. of America*, 309 F.R.D. 406, 415 (W.D. Ky. 2016); *Stambler v. Amazon.com, Inc.*, Civ. A. No. 2:09–CV–310 (DF), 2011 WL 10538668, at *8 (E.D.Tex. May 23, 2011); *Cunningham v. Standard Fire Ins. Co.*, Civ. A. No. 07–cv–02538–REB–KLM, 2008 WL 2902621, at *2 (D. Col. July 24, 2008); *Clearone Communications, Inc. v. Chiang*, Civ. A. No. 2:0700037TC, 2007 WL 4166137, at *4 (D. Utah Nov.20, 2007). Please produce the requested information without further delay.

**24. Produce all internal communications related to any investigation, audit, or dispute regarding Defendants' coding, billing, appeals, or services with regard to the Claims, including but not limited to documents reflecting investigations into medical groups affiliated with Defendants by United's Special Investigations Unit.** United asserts its boilerplate burden objections and unspecified privilege claims, neither of which support its refusal to produce. As explained in connection with RFP 20 and 21, above, all claims rejected by United are relevant to the claims and defenses in the case and within Rule 26(b)(1). United's additional objection that this information is in the possession of TeamHealth is demonstrably untrue, as Defendants have no access to United's internal documents, coding, or communications regarding these denied claims.

**25. Produce all communications which refer or relate to the decision to audit claims submitted by medical groups affiliated with TeamHealth.** United repeats its boilerplate objections but indicates that it will produce responsive documents "upon a reasonable search utilizing agreed upon custodians and search terms." Please advise as to your proposed custodians and terms.

**26. Produce all documents that refer or relate to the financial impact of United's decision to audit claims submitted by medical groups affiliated with TeamHealth.** United repeats its standard, non-specific objections and adds a relevance objection. The information sought is relevant to United's alleged damages, the motivations for its reviews, the accuracy of those reviews, the identity of persons with knowledge of those reviews, and the sufficiency of United's initial disclosures. As such, the information sought falls squarely within the scope of discovery defined in Rule 26(b)(1). Please produce all requested information without further delay.

**27. Produce all communications with third parties regarding any investigation or dispute pertaining to Defendants' coding, billing, appeals, or services with regard to the Claims, including but not limited to all communications with Defendants.** In addition to its boilerplate objections, United objects to the relevance of its communications with others regarding its reviews and upcoding allegations. Given that these are the basis for United's $100 million claims, its communications with Defendants or nonparties regarding those allegations and underlying facts are plainly relevant to the existence of upcoding, United's discovery of alleged

Charlie Gokey, Esq.
July 27, 2022
Page 8

upcoding, United's reviews and criteria, United's coding standards, inconsistency in United's reviews, targeting of disfavored providers, retaliation, and alleged damages, among other issues framed by the pleadings. Please withdraw this frivolous objection and produce the requested information without further delay.

**28. Produce all documents and communications supporting or relating to the allegation in Paragraph 5 of the Complaint that "United Plaintiffs have recently discovered that TeamHealth's tactics have crossed the line from aggressive profit maximization to fraud."** United parrots its boilerplate objections and unspecified privilege claim, as well as asserting that such information "is exclusively within TeamHealth's possession, custody or control." Given that the allegation in question relates to United's "recent discovery," this is plainly not the case. United indicates that it will produce responsive documents "upon a reasonable search utilizing agreed upon custodians and search terms." Please advise as to your proposed custodians and terms.

**29. Produce all documents and communications supporting the allegation in Paragraph 68 that TeamHealth's claims were "far higher than the rate at which other providers utilize CPT code 99285," including all data relied upon to make such a comparison.** United reiterates its boilerplate general objections, without support as to this request. It also asserts an unspecified privilege objection, which is inapplicable to this request for underlying facts put at issue by United's own pleading. This request seeks the underlying documentary basis for a factual allegation set out by United in its complaint. If such information exists, please produce without further delay.

**30. Produce all documents and communications supporting the allegation in Paragraph 91 of the Complaint that "[t]he rate at which TeamHealth submitted claims to the United Plaintiffs improperly utilizing CPT codes 99285 and 99284" . . . "greatly exceeded the error rate the United Plaintiffs have observed among other providers of emergency services for such claims," including all data relied upon to make such a comparison.** United reiterates its boilerplate general objections, without support as to this request. It also asserts an unspecified privilege objection, which is inapplicable to this request for underlying facts put at issue by United's own pleading. This request seeks the underlying documentary basis for a factual allegation set out by United in its complaint. If any information exists supporting the allegations of paragraph 91, please produce without further delay.

**31. Produce documents that identify the quantity of professional emergency providers claims in the geographic area in which the Claims were submitted and the CPT level billed to United for those professional emergency providers.** This RFP seeks information on the alleged comparators from which United concluded that Defendants' claims were an outlier, as alleged in several places in the Complaint. In other words, if United alleges that an affiliated practice group's level of 99285 claims exceeds that of other ED groups within a particular state or region, then United should produce the underlying data upon which it bases that comparison and allegation. Although it's unclear why United would need to meet and confer to produce the factual basis underlying its own allegations, we are prepared to discuss the issue on Friday, July 29, or Monday, August 1, 2022.

Charlie Gokey, Esq.
July 27, 2022
Page 9

**32. Produce all documents and communications supporting the allegation in Paragraph 111 of the Complaint that "TeamHealth consistently bills insurers and patients at inflated rates, demanding far more than other providers," including all data relied upon to make such a comparison.** In addition to its boilerplate objections, United asserts that this information "in not relevant to any claim or defense in this case." If that is the case, then United should withdraw this allegation immediately. Otherwise, please produce the information sought without further delay.

**33. Produce all documents and communications supporting the allegation in Paragraph 136 of the Complaint that "TeamHealth intentionally hid from the United Plaintiffs the list of medical groups with which it was affiliated until the middle of 2019."** United indicates that it will produce responsive documents "upon a reasonable search utilizing agreed upon custodians and search terms." Please advise as to your proposed custodians and terms so that discovery can proceed without further delay.

**34. Produce all documents and communications comparing Defendants' coding, billing, or rates, to those of any other provider.** United repeats its boilerplate general objections and unspecified privilege objections, as well as a burden and relevance objection. Given that United draws such comparisons throughout its complaint, and relied upon them extensively in responding to Defendants' motion to dismiss, the information is plainly relevant to the claims and defenses asserted in the pleadings. Please produce the requested information without further delay.

**35. For each ERISA plan on behalf of which Plaintiffs purport to bring claims against Defendants, produce all documents and communications conferring on the Plaintiffs fiduciary responsibility and discretion to administer claims under the plan. This request includes, but is not limited to, all documents for each such plan purportedly giving Plaintiffs "the exclusive discretion and authority to monitor and pursue overpayments of plan funds" as alleged in Paragraph 29 of the Complaint.** United asserts its boilerplate general objections without elaboration, as well as an unspecified privilege objection. The documents sought are not communications with counsel for the purpose of giving or receiving legal advice. Rather, the request seeks the plans that United alleges give it authority to bring claims on behalf of others. These documents go directly to Article III standing, RICO standing and causation, damages, and other issues. If United intends to seek damages based on any such plans, please produce them without further delay.

**36. Produce all copies of plan documents governing "[e]ach of the ERISA plans administered by the United Plaintiffs at issue in this litigation," (Complaint ¶ 204), in effect from January 1, 2015 to present.** In addition to asserting boilerplate objections, United offers to confer regarding "a sampling protocol for the production of documents responsive to this Request." Please advise as to United's proposal and why production of each such plan is infeasible.

**37. Produce all documents and communications reflecting Plaintiffs' revenues, profits, and losses associated with each fully-insured plan at issue in this litigation from January 1, 2015 to present.** United objects and that "the documents are seemingly sought in bad

4863-9009-4891v1
2943270-000037 07/27/2022

faith." On the contrary, these requests simply mirror several requests propounded by United related to the finances of Defendants, practice groups, and their respective employees and contractors. According to its public filings, United enjoyed more than $16 billion in net earnings last year. Yet, United alleges that it has lost more than $100 million, including losses to self-funded plans where it is not at risk. The information requested is relevant to damages, mitigation, motive, unclean hands, standing, causation, and credibility. Please advise as to whether United intends to persist in its objection.

**38. Produce all communications between Plaintiffs and any ASO sponsor employer or member employee relating to any fact alleged in the Complaint**. United asserts a relevance objection here. Of course, United has propounded several requests that seek similar information from Defendants with respect to communications. The information sought is relevant to discovery and alleged fraudulent concealment, as well as to United's allegations of upcoding, overcharging, and outlier status. United indicates that it is "available to confer concerning the scope and burden of the Request." Please advise as to United's proposal to address these purported concerns. We are available to confer on Friday, July 29, 2022, or Monday, August 1, 2022.

**39. Produce all documents and communications related to investigations or inquiries by any state or federal regulatory agency or body regarding Plaintiffs' attempted or actual implementation of any downcoding policies, procedures, or guidance**. United objects on its boilerplate grounds and also alleges bad faith. On the contrary, the information sought is an exact counterpart to that sought in United's own discovery. The information sought relates to improper downcoding by United, which has been alleged by Defendants in their answer. To the extent that investigations fall within Rule 26(b)(1) for Defendants, the same is perforce true for United.

**40. Produce all documents and communications related to any financial analysis regarding Plaintiff's attempted or actual implementation of any "shared savings" program or downcoding policies, procedures, or guidance, including but not limited to all communications with Optum**. United objects on its boilerplate grounds and also alleges bad faith. On the contrary, the information sought relates to improper downcoding by United, motive, damages, standing, mitigation, and credibility. To the extent that Defendants' coding and finances are relevant here, so are United's.

**41. Produce all documents and communications describing, comprising, or supporting your claims for damages or the calculation of those damages against Defendants**. In addition to boilerplate objections, United objects to producing documents related to its damages on (a) burden, (b) Defendants' "possession, custody or control" of the information, and (c) "premature and seeks expert discovery." In the first instance, United has provided a one-sentence "estimate" to date in support of its $100 million damages allegation. As set out in my letter of July 18, 2022, that is plainly inadequate under Rule 26(a)(1)(A). There is no disproportionate burden in producing documents supporting (or refuting) that damages allegation allegedly based on multiple reviews and first asserted more than six months ago. In addition, Defendants possess no information on United's damages allegations; United clearly does and is obligated under Rules 26 and 34 to produce it without further gamesmanship or obfuscation. Finally, the request is not premature and does not seek expert discovery; it seeks the factual basis for United's damages

Charlie Gokey, Esq.
July 27, 2022
Page 11

allegation. If no such factual basis exists, then United should withdraw its allegations consistent with Rule 11. If a factual basis exists, United is already overdue with its production under Rule 26(a)(1)(A) and should respond without further delay.

**42. Produce all documents and communications identified or relied upon in response to any discovery request propounded by Defendants.** This is the single RFP to which United has agreed to produce documents without one or more objections. Please do so.

**43. Produce all documents that support Your statement that "UnitedHealthcare uses an Optum proprietary scoring tool based on the instructions in the 1995 and 1997 CMS documentation guidelines", including, without limitation, the proprietary scoring tool, and the specific provisions of the 1995 and 1997 CMS documentation guidelines upon which you contend the policy is based.** United asserts a relevance objection here. United's complaint alleges that it uses an Optum tool, upon which it relied at least in part to determine that claims were allegedly upcoded. The details of that process are well within the scope of discover under Rule 26(b)(1) and should be produced without further delay.

**44. Produce all documents that support Your statement that Your "medical record review process takes into consideration CMS documentation guidelines."** United's relevance objection lacks a legal foundation. United has alleged that its review is consistent with CMS guidelines; to the extent that there is a documentary basis for that allegation, please produce without further delay.

**45. Produce all documents that support or otherwise relate to Your definition of "Additional Work-Up Planned" for coding of professional emergency department claims.** United asserts purely boilerplate objections to this targeted request, which plainly relates to the grounds for United's denial of claims and allegations of upcoding. Please produce these clearly responsive documents without further delay.

**46. Produce all documents reviewed, considered and/or relied upon by the Policy Oversight Committee in connection with evaluation and management policies for professional commercial claims that are applicable the Claims.** United asserts merely boilerplate objections but offers to "confer concerning the scope and burden of the Request." This is a targeted request that would seem to pose little or no burden, particularly in light of the discovery sought by United from Defendants and the allegations of United's 60-page complaint. To the extent that United genuinely feels the need to confer, we are available on Friday, July 29, 2022, or Monday, August 1, 2022, to do so. Please advise.

Nothing in this letter is a waiver of any right, claim, defense, objection, or contention that Defendants may now have or hereafter acquire. I look forward to hearing from you soon on these important issues and will be available to meet and confer further as needed on these and related points on Friday, July 29, 2022, and Monday, August 1, 2022.

Charlie Gokey, Esq.
July 27, 2022
Page 12

                                                           Sincerely,

                                           Gary C. Shockley, Shareholder

cc:      Counsel of Record